IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>THE BALTIMORE AND ANNAPOLIS RAILROAD COMPANY D/B/A CAROLINA SOUTHERN RAILROAD COMPANY AND D/B/A WACCAMAW COAST LINE RAILROAD COMPANY,<br><br>      Defendant. | NO. 4:13-cv-01264-BHH |

## AMENDED OPINION AND ORDER

The defendant filed a motion to alter or amend (ECF No. 72) the Court's order granting in part and denying in part the plaintiff's motion for summary judgment by striking the requirement that the defendant pay for items (c), (d), and (e) as set forth in footnote 6 of the Court's order (ECF No. 70). These items include, "(c) all costs associated with re-railing the NFS Cars on rail track after their motor carrier transport, (d) the cost of any repairs to the NFS Cars required by Association of American Railroads' car repair rules that are necessary to place the NFS Cars in interstate-rail service, and (e) the freight charges associated with CSX's transporting the NFS Cars from Mullins, SC to an interchange point with Norfolk Southern." The defendant alleges that the expenses set forth in footnote 6(c)-(e) are not expenses that it would normally be responsible for under "applicable railroad standards." The Court concluded that these costs were necessary to put the plaintiff in substantially the same position it would

1

have been in had the defendant not stranded its cars in 2011, and the defendant has not demonstrated why this conclusion is incorrect. Moreover, it is not the plaintiff's responsibility to coordinate the retrieval of the cars with Horry County, and the defendant may not rely on this claim as the basis for any further delay. If Horry County refuses to cooperate with the defendant's efforts to secure permission to retrieve the cars, the defendant may seek assistance from the Court.

The defendant's motion to alter or amend is denied, and the defendant is instructed to comply with the Court's order.  Specifically, by June 10, 2015, defendant shall advise the Court via CM/ECF whether it has elected to:

(a) have plaintiff proceed with retrieval of its railcars under the terms of plaintiff's February 20, 2015 Good Faith Estimate (ECF No. 74-3),

(b) make its own alternate arrangements (which shall include all elements required by footnote 6) for the return of all railcars to plaintiff by July 31, 2015;[1]

(c) to pay plaintiff the fair-market value of the railcars on the date of interchange to defendant.

Defendant's failure to timely comply with this Order shall be automatically deemed an admission by defendant and authorization (without need for further

---

[1] Defendant represents to the Court that it cannot afford to pay the costs of such alternate arrangements at this time (ECF No. 80-1).  The Court has already addressed this concern in its prior Order.  Under the terms of the Court's February Order (ECF No. 70), payment for the costs associated with return of the railcars is to be initially made by *plaintiff*.  If defendant elects to make its own arrangements, defendant must only arrange for and oversee all aspects of returning the railcars to plaintiff by the specified date.  After defendant has completed return of the railcars, and plaintiff has paid the cost of their return, the Court will amend its February Order to enter judgment for plaintiff in an amount equal to the actual cost paid by plaintiff for return of the railcars.  As set forth in the February Order, plaintiff shall also have fourteen (14) days after all cars have been returned to advise the Court of any deficiencies with defendant's return of the railcars, or additional costs that it expects to incur.  In the event that defendant elects to make its own arrangements for return of the railcars, with the cost initially to be borne by plaintiff, defendant may not contest the reasonableness of the costs incurred by plaintiff for return of the railcars in the manner selected by defendant.

application to the Court) for plaintiff to immediately arrange for the return of its railcars under the terms of its February 2015 Good Faith Estimate.  Defendant will also be deemed to have irrevocably waived any and all challenges to the reasonableness of the costs incurred by plaintiff in the return of its railcars.  Unless defendant has first sought *and received* an injunction from this Court, filing of an interlocutory appeal does not relieve defendant of its duty to perform the obligations imposed by this Order and the Court's February 2015 Order.  *See* 28 U.S.C. § 1292.

All other requirements and deadlines appearing in the Court's February 2015 Order (ECF No. 70) shall remain in effect.  Car hire on the stranded railcars shall continue to accrue on the railcars, without prejudice to defendant's right to pursue its mitigation affirmative defenses (if any), until such time as they are physically received by plaintiff.

**IT IS SO ORDERED.**

<u>s/ Bruce Howe Hendricks</u>
United States District Judge

May 28, 2015
Greenville, South Carolina

3