UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norfolk Southern Railway Company, | Civil Action No.: 4:13-cv-01264-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| The Baltimore and Annapolis Railroad Company d/b/a Carolina Southern Railroad Company and d/b/a Waccamaw Coast Line Railroad Company, | |
| Defendants. | |

This matter is before the court on Plaintiff's motion for attorneys' fees incurred as a result of the Defendants' failure to comply with the prior orders of this Court (ECF No. 128). For the reasons set forth below, the Court grants the motion and awards Plaintiff attorneys' fees in the amount of $60,741.55.

**BACKGROUND**

The facts and procedural history of this case are thoroughly set forth in the Court's prior orders. (*See* ECF Nos. 70, 83, & 131.) On December 16, 2016, the Court held a hearing to consider Plaintiff's motion for contempt. During the course of that hearing, the Court invited Plaintiff to seek expenses incurred as a result of the alleged contempt, and, thereafter, Plaintiff filed a motion for attorneys' fees (ECF No. 128) seeking $60,741.55 and attaching supporting documentation. On January 6, 2016, the Court issued an order finding Defendants in contempt for failing to comply with the Court's

1

previous orders. (*See* ECF No. 131.) In the contempt order, the Court specifically discussed the basis for awarding attorneys' fees under such circumstances, (*see id.* at 12-13), but delayed ruling on the motion to allow Defendants time to respond, which they did on January 11, 2016 (ECF No. 137).

## DISCUSSION

As discussed in the Court's contempt order, a party who incurs expenses as a result of an opposing party's non-compliance with court orders may be entitled to recover such expenses, including attorneys' fees. (*See* ECF No. 131 at 12-13 (citing FRCP 37(b)(2)(A)(ii)–(vii) and *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. Partnership*, 608 Fed. App'x 130, 131 (4th Cir. 2015)).) Defendants' cursory response in opposition to the motion for attorneys' fees does not contest the Court's authority to award fees and questions neither the accuracy of Plaintiff's counsel's records nor the reasonableness of their rates. Rather, Defendants rehash again the steps they took and challenges they faced in attempting to comply with the Court's orders or to otherwise resolve this case. The Court is familiar with these arguments, but the fact remains that Defendants vacillated repeatedly on the equitable relief they would provide to Plaintiff and ultimately failed to comply with the Court's orders. As a result, Plaintiff's counsel was required, among other things, to continuously communicate with opposing counsel, to respond to numerous motions seeking to alter the relief ordered, to participate in several telephone hearings with the Court, to obtain an injunction, to research topics ranging from the qualifications of a moving company to the details of Plaintiff's sale to a third party, and ultimately to file a motion for contempt.

With regard to the fees sought in connection with Defendants' refusal to comply with the Court's orders, the Court "need not directly address the reasonableness of the outside counsel's bills to [Norfolk Southern]," but rather must "look at the particular tasks" to determine whether they were caused by the contempt, were a foreseeable consequence of the contempt, and were a reasonable response to the contempt. *In re Gen. Motors Corp.*, 110 F.3d 1003, 1017 (4th Cir. 1997). The Court has reviewed the tasks[1] for which Plaintiff is seeking reimbursement and finds them to be the natural and foreseeable result of Defendants' contempt and a reasonable response to the same. Greater scrutiny is warranted where a party is seeking fees incurred in connection with contempt proceedings because the moving party often knows or has reason to suspect that it will be allowed to recoup fees. *See id.* at 1032. Here, however, an examination of Plaintiff's records reveals that fees associated with the contempt motion and proceedings comprise a relatively minor portion of the total fees sought[2] and are reasonable, especially given the extent of the back and forth between the parties over the contempt motion.

Moreover, the Court has considered the requested fees in light of the factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) and finds the fees requested to be reasonable under the *Barber* factors.[3] In particular: the Court finds

---

[1] Many of these tasks are described in the preceding paragraph.

[2] Approximately 20% of the fees sought, assuming that all of the items billed from September 2015 onward were related to the contempt proceedings.

[3] Under *Barber* the Court is to consider the following 12 factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

the total amount sought to be appropriate given the time and labor expended, finds the rates charged by counsel ($255 per hour for Mr. Merrick and $185 per hour for Mr. Marcinak) to be well within the range of customary fees for similar work, and finds the efforts made by counsel to be reasonable and proportionate in light of the amount in controversy. The Court further notes that Plaintiff's counsel, Chris Merrick, and his local counsel at Smith Moore Leatherwood have consistently exhibited a high level of ability, have been thorough yet efficient in their briefing, and have been well prepared for proceedings with the Court. The remaining *Barber* factors are not specifically implicated in this case, but none of them weigh against the award sought, and Defendant has not advanced any argument against the award based on these factors.

## CONCLUSION

Plaintiff's request for attorneys' fees (ECF No. 128) is **GRANTED**. The escrow agent is **ORDERED** to disburse $60,741.55 to Plaintiff out of the balance of the fees held in escrow.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 23, 2016
Greenville, South Carolina